UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 15-1707-CAS (KKx)** | Date: | June 14, 2016 |
|---|---|---|---|
| Title: | ***Odis Mann Burnett v. United States of America*** | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   Order Granting Defendant's Motion to Compel [Dkt. 20]**


On June 2, 2016, Defendant United States of America ("Defendant") filed a Motion to Compel Plaintiff Odis Mann Burnett ("Plaintiff") to provide (a) supplemental Initial Disclosures, including a complete computation of damages, (b) further responses to Defendant's First Set of Interrogatories, Nos. 8 and 9, and (c) further responses to Defendant's First Set of Requests for Production, Nos. 1 through 4, 7 and 8 ("Motion to Compel").  ECF Docket No. ("dkt.") 20.  Plaintiff failed to timely respond to Defendant's request to meet and confer pursuant to Local Rule 37-1 and has not filed an Opposition to Defendant's Motion to Compel. See dkt. 20-1, Declaration of Justin A. Okun in support of Defendant's Motion to Compel ("Okun Decl."), ¶¶ 6-7.  For the reasons set forth below, the Court GRANTS Defendant's Motion to Compel.  The hearing set for June 30, 2016 is hereby VACATED.

**I.**
**BACKGROUND**

On August 24, 2015, Plaintiff filed a Complaint against Defendant pursuant to the Federal Tort Claims Act ("FTCA") alleging a United States employee, Chad Emerson, negligently operated the vehicle in which Plaintiff was a passenger when he collided with a curb and hit a block wall on August 26, 2014.  Dkt. 1, Compl.  Plaintiff alleges he suffered "great physical, mental, and emotional pain" requiring the care and treatment of hospitals, physicians, surgeons, and nurses.  Id. at ¶¶ 19, 21.  Plaintiff further alleges he incurred, and will necessarily incur,

"other incidental expenses related to the necessary care and treatment of such injuries . . . for an indefinite period of time in the future" and he was, and will continue to be, "prevented from attending to his usual occupation for an indefinite period of time in the future." Id. at ¶¶ 21-23. On December 21, 2015, Defendant answered the Complaint. Dkt. 13.

On March 4, 2016, pursuant to the parties' agreement regarding the timing of initial disclosures, see dkt. 15, Rule 26(f) Joint Report, Plaintiff served Initial Disclosures. Okun Decl., ¶ 2, Ex. A. On March 10, 2016, Defendant's counsel sent Plaintiff's counsel a letter identifying the deficiencies in Plaintiff's Initial Disclosures. Id. at ¶ 3, Ex. B.

On April 20, 2016, Plaintiff served responses to Defendant's First Set of Interrogatories and Defendant's First Set of Requests for Production. Id. at ¶ 5, Ex. C, Interrogatory Responses, Ex. D, Request for Production Responses.

On May 5, 2016, Defendant's counsel sent Plaintiff's counsel a letter requesting to meet and confer pursuant to Local Rule 37-1 regarding Plaintiff's deficient Initial Disclosures, Interrogatory Responses, and Request for Production Responses. Id. at ¶ 6, Ex. E. Plaintiff's counsel did not respond to the May 5, 2016 letter. Id. at ¶ 7.

On May 16, 2016, Defendant's counsel called Plaintiff's counsel and left a voicemail asking whether Plaintiff's counsel had received the May 5, 2016 letter. Id. Later on May 16, 2016, Plaintiff's counsel emailed Defendant's counsel confirming she had received the May 5, 2016 letter and requesting until May 20, 2016 to supplement Plaintiff's Initial Disclosures in order to avoid a motion to compel. Id., Ex. F. Plaintiff's counsel did not respond to Defendant's counsel's concerns regarding Plaintiff's Interrogatory Responses or Request for Production Responses. Id.

On May 20, 2016, Plaintiff and Plaintiff's counsel appeared for Plaintiff's deposition. Id. at ¶ 8. After Plaintiff's deposition, Plaintiff's counsel provided Supplemental Initial Disclosures, which did not include any additional information regarding (a) wage loss, (b) future damages, and (c) intangible damages. Id. at ¶ 9, Ex. H.

On June 2, 2016, Defendant filed the instant Motion to Compel. Dkt. 20. Plaintiff has not filed any opposition.

The Fact Discovery Cut-Off in this action is July 8, 2016 and trial is set to begin on February 14, 2017. See dkt. 18, Min. of Scheduling Conf.

## II.
## LEGAL STANDARD

The amendments to the Federal Rules of Civil Procedure effective December 1, 2015 emphasize that "[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." Fed. R. Civ. P.

26 advisory committee notes (2015 amendments). Thus, there is "a shared responsibility on all the parties to consider the factors bearing on proportionality before propounding discovery requests, issuing responses and objections, or raising discovery disputes before the courts." <u>Salazar v. McDonald's Corp.</u>, No. 14-CV-02096-RS (MEJ), 2016 WL 736213, at *2 (N.D. Cal. Feb. 25, 2016); <u>Goes Int'l, AB v. Dodur Ltd.</u>, No. 14-CV-05666-LB, 2016 WL 427369, at *4 (N.D. Cal. Feb. 4, 2016) (citing advisory committee notes for proposition that parties share a "collective responsibility" to consider proportionality and requiring that "[b]oth parties . . . tailor their efforts to the needs of th[e] case"); <u>Razo v. Timec Co., Inc.</u>, No. 15-CV-03414-MEJ, 2016 WL 1623938, at *2 (N.D. Cal. Apr. 21, 2016) (same). Moreover, "Rule 1 is amended to emphasize that just as the court should construe and administer these rules to secure the just, speedy, and inexpensive determination of every action, so the parties share the responsibility to employ the rules in the same way." Fed. R. Civ. P. 1 advisory committee notes (2015 amendments).

Federal Rule of Civil Procedure 26(b) provides that parties may obtain discovery regarding

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Relevant information "need not be admissible in evidence to be discoverable." <u>Id.</u> A court "must limit the frequency or extent of discovery otherwise allowed" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"[G]eneral or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections." <u>A. Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) (citations omitted) (faulting defendant for making "boilerplate objections to almost every single request for production, including broad relevancy objections, objections of 'overly burdensome and harassing,' 'assumes facts not in evidence,' privacy, and attorney-client privilege/work product protection").

"If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Fed. R. Civ. P. 37(a)(3)(A). "A party seeking discovery may move for an order compelling an answer, . . . production, or inspection." Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

**CIVIL MINUTES—GENERAL**                        Initials of Deputy Clerk __

Lastly, pursuant to Local Rule 7-12, a party's failure to timely oppose a motion may be deemed consent to the granting of the motion.  L.R. 7-12.

## III.
## DISCUSSION

### A.    INITIAL DISCLOSURES

Pursuant to Rule 26(a)(1)(A)(iii),

> a party must, without awaiting a discovery request, provide to the other parties . . . a computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

Id.  Such initial disclosures must be made "at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order . . . ."  Fed. R. Civ. P. 26(a)(1)(C).  "A party must make its initial disclosures based on the information then reasonably available to it.  A party is not excused from making its disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures."  Fed. R. Civ. P. 26(a)(1)(E).

Plaintiff's initial disclosures identify the following categories of damages: (a) Medical Specials; (b) Wage Loss; (c) Future Damages; and (d) Intangible Damages.  Okun Decl., Ex. H. Defendant complains that Plaintiff has failed to provide a complete computation of damages with respect to wage loss, future damages, and intangible damages.  Dkt. 20, Mot. at 10-12.

### 1.    Wage Loss

In his Supplemental Initial Disclosures, Plaintiff states: "Wage loss incurred to date, for which recovery will be sought, has not yet been determined."  Okun Decl., Ex. H, Suppl. Initial Disclosures.  Defendant argues Plaintiff must provide information regarding past hours worked and pay rate.  Mot. at 11 (citing Frontline Med. Associates, Inc. v. Coventry Health Care, 263 F.R.D. 567, 569 (C.D. Cal. 2009)).

The Court agrees with Defendant that "in a claim for lost wages, there should be some information relating to hours worked and pay rate."  See also City & Cty. of San Francisco v. Tutor-Saliba Corp., 218 F.R.D. 219, 221 (N.D. Cal. 2003).  "A party is not excused from making its disclosures because it has not fully investigated the case."  Fed. R. Civ. P. 26(a)(1)(E). Moreover, expert analysis does not relieve Plaintiff of his obligation to investigate and provide information reasonably available to him.  Frontline Med. Associates, Inc., 263 F.R.D. at 570.

Plaintiff has had ample opportunity to investigate his case.  Accordingly, Defendant's Motion to Compel a computation of Plaintiff's wage loss damages is GRANTED.

### 2.    Future Damages

In his Supplemental Initial Disclosures, Plaintiff states: "Future damages relating to medical bills and wage loss have not yet been determined."  Okun Decl., Ex. H, Suppl. Initial Disclosures.  Defendant argues Plaintiff must provide at least a preliminary assessment of damages based on the information reasonably available to him and he is not excused from providing this information because expert analysis may be necessary.  Mot. at 11.

The Court agrees with Defendant that Plaintiff should provide its assessment of damages in light of the information currently available to it in sufficient detail so as to enable Defendant to understand the contours of its potential exposure and make informed decisions as to settlement and discovery.  City & Cty. of San Francisco, 218 F.R.D. at 221.  "A party is not excused from making its disclosures because it has not fully investigated the case."  Fed. R. Civ. P. 26(a)(1)(E).  Moreover, expert analysis does not relieve Plaintiff of his obligation to investigate and provide information reasonably available to him.  Frontline Med. Associates, Inc., 263 F.R.D. at 570.

Plaintiff has had ample opportunity to investigate his case.  Accordingly, Defendant's Motion to Compel a computation of Plaintiff's future damages is GRANTED.

### 3.    Intangible Damages

In his Supplemental Initial Disclosures, Plaintiff states: "Intangible damages, inclusive of pain and suffering, will be sought in the amount to be determined at time of trial."  Okun Decl., Ex. H, Suppl. Initial Disclosures.  Defendant argues it is entitled to a preliminary assessment of damages, particularly if Plaintiff intends to request a specific amount from the Court.  Mot. at 11-12.

The Court agrees with Defendant that Plaintiff should provide its assessment of damages in light of the information currently available to it in sufficient detail so as to enable Defendant to understand the contours of its potential exposure and make informed decisions as to settlement and discovery.  City & Cty. of San Francisco, 218 F.R.D. at 221.  However, to the extent Plaintiff does not intend to seek a specific amount from the Court for "intangible damages," the Court will not require Plaintiff to disclose a computation of these damages, but Plaintiff must state his intention.  If Plaintiff does intend to seek a specific amount from the Court, Plaintiff shall provide to Defendant the basis for this figure.  See First v. Kia of El Cajon, No. 10-CV-536-DMS (BGS), 2010 WL 3069215, at *2 (S.D. Cal. Aug. 4, 2010); Sandoval v. Am. Bldg. Maint. Indus., Inc., 267 F.R.D. 257, 282 (D. Minn. 2007) ("[I]n that situation, the calculation for emotional distress damages is not necessarily vague, and it would be unfair to defendants if plaintiffs could submit a specific dollar amount for damages to the jury without defendants having the opportunity to discover the basis for the claim and the opportunity before trial to rebut that basis.").

Plaintiff has had ample opportunity to investigate his case. Accordingly, Defendant's Motion to Compel a computation of Plaintiff's intangible damages is GRANTED.

## B.    INTERROGATORIES

"Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). "The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4).

### 1.    Interrogatory No. 8

Interrogatory No. 8 states: "If you intend to ask the Court for a specific amount for general damages, please provide a computation of that amount." Okun Decl., Ex. C. Plaintiff did not provide any response. Id.

To the extent Plaintiff does not intend to seek a specific amount from the Court for "general damages," the Court will not require Plaintiff to disclose a computation of these damages. Nevertheless, Plaintiff must respond to the interrogatory. If Plaintiff does intend to seek a specific amount from the Court, Plaintiff shall provide to Defendant the basis for this figure. See First, 2010 WL 3069215, at *2; Sandoval, 267 F.R.D. at 282.

Plaintiff has had ample opportunity to investigate his case. Accordingly, Defendant's Motion to Compel a response to Interrogatory No. 8 is GRANTED.

### 2.    Interrogatory No. 9

Interrogatory No. 9 seeks a computation of the "other incidental expenses related to the necessary care and treatment of [Plaintiff's] injuries" as a result of the accident as alleged in the Complaint. Okun Decl., Ex. C.

In his Interrogatory Responses, Plaintiff objects to Interrogatory No. 9 on the grounds that it seeks (a) premature disclosure of expert opinion, and (b) attorney work product to the extent it seeks to "ascertain the identity, writings, and opinions of plaintiff's experts who have been retained or utilized to date solely as an advisor or consultant." Id. "Without waiving said objections, Plaintiff responds as follows: Plaintiff has incurred many co-payments involved with his medical treatment. Plaintiff is in the process of ascertaining this information and will provide upon receipt of same." Id. Defendant argues the request does not call for expert opinion or attorney work product and Plaintiff testified at his deposition that he had online access to his medical bills, but has simply failed to take the time to compute the expenses. Mot. at 13-14.

"A party is not excused from making its disclosures because it has not fully investigated the case." Fed. R. Civ. P. 26(a)(1)(E). Moreover, expert analysis does not relieve Plaintiff of his obligation to investigate and provide information reasonably available to him. Frontline Med.

<u>Associates, Inc.</u>, 263 F.R.D. at 570.  It does not appear Interrogatory No. 9 seeks attorney work product, in that a computation of Plaintiff's damages should have been provided in Plaintiff's Initial Disclosures.

Plaintiff has had ample opportunity to investigate his case.  Accordingly, the Court finds Plaintiff's objections are meritless and Defendant's Motion to Compel a response to Interrogatory No. 9 is GRANTED.

## C.    REQUESTS FOR PRODUCTION

Responses to requests for production "must be complete, explicit and responsive.  If a party cannot furnish details, he should say so under oath, say why and set forth the efforts he used to obtain the information.  He cannot plead ignorance to information that is from sources within his control."  <u>Hash v. Cate</u>, No. C 08-03729 MMC (DMR), 2012 WL 6043966, at *2 (N.D. Cal. Dec. 5, 2012).  The requesting party "is entitled to individualized, complete responses to each of the requests . . ., accompanied by production of each of the documents responsive to the request, regardless of whether the documents have already been produced." <u>Louen v. Twedt</u>, 236 F.R.D. 502, 505 (E.D. Cal. 2006).

### 1.    Request for Production No. 1

Request for Production No. 1 seeks all documents which Plaintiff may use to support his claim for damages, "including materials bearing on the nature and extent of the injuries suffered as a result of the car accident which occurred on August 26, 2014 and is the subject of this litigation."  Okun Decl., Ex. D.

In his Request for Production Responses, Plaintiff objects and responds as follows:

Objection.  This request seeks to invade the work-product privilege in that it requests information obtained through counsel's personal thought process, seeks information regarding Plaintiff's investigation efforts, and may require disclosure of trial witnesses (other than experts) from Plaintiff's consultant/investigator's report.  Without waiving the foregoing objection, attached hereto as Exhibit 1 is a copy of Plaintiff's medical records and billing currently in Plaintiff's possession, custody or control.  Plaintiff reserves the right to amend this response up to and including the time of trial.

<u>Id.</u>  Defendant argues (a) the request does not call for attorney work product, but to the extent it does, Plaintiff has failed to provide a privilege log; (b) Plaintiff's initial disclosures should have already identified not only potential trial witnesses, but all witnesses who are likely to have discoverable information; and (c) Plaintiff must provide all responsive documents which Plaintiff has the legal right to obtain in response to proper requests for production and cannot wait until the time of trial to amend his responses.

Request for Production No. 1 does not appear to seek documents beyond those required to be produced by Federal Rule of Civil Procedure 26(a)(1)(A)(iii).  Hence, the Court finds Plaintiff's attorney work product objection is meritless.  Federal Rule of Civil Procedure 26(a)(1)(A)(i) requires disclosure of all witnesses who are likely to have discoverable information that Plaintiff may use to support his claims or defenses, unless the use would be solely for impeachment.  Id.  Hence, the Court finds Plaintiff's objection to disclosing trial witnesses is meritless and indicates Plaintiff and/or his counsel intend to improperly obstruct discovery.

Plaintiff has an ongoing obligation to supplement or correct discovery responses in a timely manner.  Fed. R. Civ. P. 26(e).  Therefore, to the extent responsive documents exist in Plaintiff's possession, custody, or control, Plaintiff cannot wait until trial to amend his responses.  Rather, Plaintiff has a duty to undertake a diligent search and reasonable inquiry in order to adequately respond to requests for production.  See Garcia v. Bana, No. C 11-02047 LB, 2012 WL 2119157, at *10 (N.D. Cal. June 9, 2012) (finding discovery responses insufficient where responding party that stated it had no documents in its possession, custody or control, failed to also state that a diligent search and reasonable inquiry have been made in an effort to locate the documents requested).  To the extent there is any confusion regarding the meaning of "possession, custody, or control," a document is currently in Plaintiff's control if he has a legal right to obtain it from third parties.  Bryant v. Armstrong, 285 F.R.D. 596, 603 (S.D. Cal. 2012) ("The term 'control' is broadly construed, and it includes documents that the responding party has the legal right to obtain from third parties.").  Therefore, to the extent Plaintiff has additional responsive documents in his possession, custody, or control, Plaintiff may not wait until trial to amend his response.

Accordingly, the Court finds Plaintiff's objections are meritless and Defendant's Motion to Compel a response to Request for Production No. 1 is GRANTED.

**2.    Request for Production No. 2**

Request for Production No. 2 seeks "all copies and accompanying reports of results of all medical imaging, including X-rays, magnetic resonance imaging (MRI), and computerized tomography scans performed on your body within the last 10 years."  Okun Decl., Ex. D.

In his Request for Production Responses, Plaintiff objects that the information sought "is equally available to [Defendant] and is therefore oppressive and burdensome to Plaintiffs [sic]." Id.  "Without waiving the foregoing objection, attached hereto as Exhibit 1 is a copy of Plaintiff's medical and billing records currently in Plaintiff's possession, custody, or control.  Plaintiff reserves the right to amend this response up to an including the time of trial."  Id.  Defendant argues (a) Plaintiff's medical records are not equally available to Defendant and (b) Plaintiff must provide all responsive documents which Plaintiff has the legal right to obtain in response to proper requests for production and cannot wait until the time of trial to amend his responses. Mot. at 15-16.

First, Plaintiff's medical records are not equally available to Defendant.  Second, "general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections."  <u>A. Farber and Partners, Inc.</u>, 234 F.R.D. at 188.  Finally, Plaintiff has an ongoing obligation to supplement or correct discovery responses in a timely manner.  Fed. R. Civ. P. 26(e).  To the extent there is any confusion regarding the meaning of "currently in Plaintiff's possession, custody, or control," a document is currently in Plaintiff's control if he has a legal right to obtain it from third parties.  <u>Bryant</u>, 285 F.R.D. at 603.  Therefore, to the extent Plaintiff has additional responsive documents in his possession, custody, or control, Plaintiff may not wait until trial to amend his response.

Accordingly, the Court finds Plaintiff's objections are meritless and Defendant's Motion to Compel a response to Request for Production No. 2 is GRANTED.

### 3. Request for Production No. 3

Request for Production No. 3 seeks "the bills or invoices for the 'services of hospitals, physicians, surgeons, nurses, and the like' whom you allege 'were employed to care for and treat' you as a result of the accident.  (Doc. 1, 21.)"  Okun Decl., Ex. D.

In his Request for Production Responses, Plaintiff objects that the information sought "is equally available to [Defendant] and is therefore oppressive and burdensome to Plaintiffs [sic]."  <u>Id</u>.  "Without waiving the foregoing objection, attached hereto as Exhibit 1 is a copy of Plaintiff's medical and billing records currently in Plaintiff's possession, custody, or control.  Plaintiff reserves the right to amend this response up to an including the time of trial."  <u>Id.</u>  Defendant argues (a) Plaintiff's medical records are not equally available to Defendant; (b) Plaintiff must provide all responsive documents which Plaintiff has the legal right to obtain in response to proper requests for production and cannot wait until the time of trial to amend his responses; and (c) Plaintiff has not yet provided this information because he revealed for the first time at his deposition that he was treated by a physical therapist and there are no records of such treatment included in the documents previously produced by Plaintiff.  Mot. at 16-17.

First, Plaintiff's medical records are not equally available to Defendant.  Second, "general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections."  <u>A. Farber and Partners, Inc.</u>, 234 F.R.D. at 188.  Finally, Plaintiff has an ongoing obligation to supplement or correct discovery responses in a timely manner.  Fed. R. Civ. P. 26(e).  To the extent there is any confusion regarding the meaning of "currently in Plaintiff's possession, custody, or control," a document is currently in Plaintiff's control if he has a legal right to obtain it from third parties.  <u>Bryant</u>, 285 F.R.D. at 603.  Therefore, to the extent Plaintiff has additional responsive documents in his possession, custody, or control, Plaintiff may not wait until trial to amend his response.

Accordingly, the Court finds Plaintiff's objections are meritless and Defendant's Motion to Compel a response to Request for Production No. 3 is GRANTED.

### 4.    Request for Production No. 4

Request for Production No. 4 seeks "documents which evidence actual payment of the bills or invoices for the 'services of hospitals, physicians, surgeons, nurses, and the like' whom you allege 'were employed to care for and treat' you as a result of the accident. (Doc. 1, 21.)" Okun Decl., Ex. D.

In his Request for Production Responses, Plaintiff responds as follows: "Plaintiff has no such documents in his possession, custody or control. Discovery and investigation continue. Plaintiff reserves the right to amend this response up to and including the time of trial." Id. Defendant argues that contrary to Plaintiff's response, he testified at his deposition he has online access to his billing records and Plaintiff must provide all responsive documents which Plaintiff has the legal right to obtain in response to proper requests for production and cannot wait until the time of trial to amend his responses. Mot. at 18.

Plaintiff has an ongoing obligation to supplement or correct discovery responses in a timely manner. Fed. R. Civ. P. 26(e). To the extent there is any confusion regarding the meaning of "currently in Plaintiff's possession, custody, or control," a document is currently in Plaintiff's control if he has a legal right to obtain it from third parties. Bryant, 285 F.R.D. at 603. Plaintiff's obligation in responding to discovery requires a diligent search and reasonable inquiry. See Garcia, 2012 WL 2119157, at *10. Therefore, to the extent Plaintiff has additional responsive documents in his possession, custody, or control, Plaintiff may not wait until trial to amend his response. To the extent Plaintiff does not have any additional responsive documents in his possession, custody, or control, he must state that he has conducted a diligent search and reasonable inquiry, including the steps undertaken in such search.

Accordingly, the Court finds Plaintiff's objections are meritless and Defendant's Motion to Compel a response to Request for Production No. 4 is GRANTED.

### 5.    Request for Production No. 7

Request for Production No. 7 seeks "bills or invoices for the alleged 'incidental expenses related to the necessary care and treatment of [Plaintiff's] injuries' [Plaintiff] claim[s] to have incurred as a result of the accident. (Doc. 1, 21.)" Okun Decl., Ex. D.

In his Request for Production Responses, Plaintiff responds as follows: "Plaintiff has no such documents in his possession, custody or control. Plaintiff reserves the right to amend this response up to and including the time of trial." Id. Defendant argues that contrary to Plaintiff's response, he testified at his deposition he has online access to his billing records and Plaintiff must provide all responsive documents which Plaintiff has the legal right to obtain in response to

proper requests for production and cannot wait until the time of trial to amend his responses. Mot. at 18.

Plaintiff has an ongoing obligation to supplement or correct discovery responses in a timely manner. Fed. R. Civ. P. 26(e). To the extent there is any confusion regarding the meaning of "currently in Plaintiff's possession, custody, or control," a document is currently in Plaintiff's control if he has a legal right to obtain it from third parties. Bryant, 285 F.R.D. at 603. Plaintiff's obligation in responding to discovery requires a diligent search and reasonable inquiry. See Garcia, 2012 WL 2119157, at *10. Therefore, to the extent Plaintiff has additional responsive documents in his possession, custody, or control, Plaintiff may not wait until trial to amend his response. To the extent Plaintiff does not have any additional responsive documents in his possession, custody, or control, he must state that he has conducted a diligent search and reasonable inquiry, including the steps undertaken in such search.

Accordingly, the Court finds Plaintiff's objections are meritless and Defendant's Motion to Compel a response to Request for Production No. 7 is GRANTED.

### 6.      Request for Production No. 8

Request for Production No. 8 seeks all of Plaintiff's "medical records from the period of August 26, 2009 through August 26, 2014 (the five years prior to the accident)." Okun Decl., Ex. D.

In his Request for Production Responses, Plaintiff objects that the information sought "is equally available to [Defendant] and is therefore oppressive and burdensome to Plaintiffs [sic]." Id. "Without waiving the foregoing objection, attached hereto as Exhibit 1 is a copy of Plaintiff's medical and billing records currently in Plaintiff's possession, custody, or control. Plaintiff reserves the right to amend this response up to an including the time of trial." Id. Defendant argues (a) Plaintiff's medical records are not equally available to Defendant; and (b) Exhibit 1 to Plaintiff's Responses to Requests for Production does not include any medical records prior to the accident. Mot. at 19.

First, Plaintiff's medical records are not equally available to Defendant. Second, "general or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections." A. Farber and Partners, Inc., 234 F.R.D. at 188. Finally, Plaintiff has an ongoing obligation to supplement or correct discovery responses in a timely manner. Fed. R. Civ. P. 26(e). To the extent there is any confusion regarding the meaning of "currently in Plaintiff's possession, custody, or control," a document is currently in Plaintiff's control if he has a legal right to obtain it from third parties. Bryant, 285 F.R.D. at 603. Plaintiff's obligation in responding to discovery requires a diligent search and reasonable inquiry. See Garcia, 2012 WL 2119157, at *10. Therefore, to the extent Plaintiff has additional responsive documents in his possession, custody, or control, Plaintiff may not wait until trial to amend his response. To the extent Plaintiff does not have any additional

responsive documents in his possession, custody, or control, he must state that he has conducted a diligent search and reasonable inquiry, including the steps undertaken in such search.

Accordingly, the Court finds Plaintiff's objections are meritless and Defendant's Motion to Compel a response to Request for Production No. 8 is GRANTED.

## IV.
## CONCLUSION

Based upon the foregoing reasons and Plaintiff's failure to file a timely opposition, IT IS THEREFORE ORDERED that:

(1)      Defendant's Motion to Compel is GRANTED.[1]

(2)      ***Within ten (10) days of the date of this Order***, Plaintiff shall provide the following to Defendant:

      (a)  Supplemental Initial Disclosures, including a computation of Plaintiff's wage loss damages, future damages, and intangible damages.  If Plaintiff does not intend to seek a specific amount of intangible damages from the Court, Plaintiff may so state in lieu of providing a computation of intangible damages.

      (b)  Supplemental Responses to Interrogatory Nos. 8 and 9.

      (c)  Supplemental Responses to Request for Production Nos. 1 through 4, 7 and 8, including all responsive documents.

---

[1] The Court cautions the parties that sanctions are generally mandatory where the motion is granted, or denied in its entirety.  Fed. R. Civ. P. 37(a)(5)(A) and (B).  Additionally, sanctions are available when the parties fail to adequately comply with the applicable Local Rules (e.g., Local Rule 37-1's requirement of an adequate pre-filing conference of counsel).  Local Rule 37-4.