1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 10 ODIS MANN BURNETT, | Case No. EDCV 15-1707-CAS (KKx) |
| 11 Plaintiff, | |
| 12 v. | FINAL REPORT AND |
| 13 UNITED STATES, et al., | RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| 14 Defendant(s). | |
| 15 | |

16
17    This Final Report and Recommendation is submitted to the Honorable

18 Christina A. Snyder, United States District Judge, pursuant to Title 28 of the

19 United States Code, section 636 and General Order 05-07 of the United States

20 District Court for the Central District of California.

21                                          **I.**

22                    **SUMMARY OF RECOMMENDATION**

23    On July 1, 2016, Defendant United States ("Defendant") filed a Motion for

24 Evidentiary Sanctions pursuant to Federal Rule of Civil Procedure 37(c)

25 ("Motion") against Plaintiff Odis Mann Burnett ("Plaintiff"), seeking to (1)

26 preclude Plaintiff from introducing evidence of damages for (a) future medical

27 expenses and (b) loss of wages and future loss of earnings, and (2) limit intangible

28 damages to $100,000 less any award for past medical expenses.  ECF Docket No.

1    ("dkt.") 22.  Defendant's Motion has been referred to the undersigned United

2    States Magistrate Judge for consideration.  For the reasons discussed below, the

3    Court recommends DENYING Defendant's Motion without prejudice.

## II.

## BACKGROUND

6         According to the Complaint, on August 26, 2014, Plaintiff was a passenger in

7    a vehicle, operated by a United States employee, Chad Emerson.  Plaintiff alleges

8    he was injured when the vehicle collided with a curb and hit a block wall.  Dkt. 1,

9    Compl.

10        On October 29, 2014, Plaintiff submitted an administrative claim for

11   damages arising out of the accident in the amount of "100,000>."  Dkt. 23-1,

12   Declaration of John W. Shaller in Support of Plaintiff's Opposition to Motion

13   ("Shaller Decl."), ¶ 3.  The claim was not resolved at the administrative level.  Id.

14        On August 24, 2015, Plaintiff filed a Complaint against Defendant pursuant

15   to the Federal Tort Claims Act ("FTCA").  Plaintiff alleges he suffered "great

16   physical, mental, and emotional pain" requiring the care and treatment of

17   hospitals, physicians, surgeons, and nurses.   Compl. at ¶¶ 19, 21.  Plaintiff further

18   alleges he incurred, and will necessarily incur, "other incidental expenses related to

19   the necessary care and treatment of such injuries . . . for an indefinite period of time

20   in the future" and he was, and will continue to be, "prevented from attending to

21   his usual occupation for an indefinite period of time in the future."  Id. at ¶¶ 21-23.

22        On March 7, 2016, Plaintiff served initial disclosures pursuant to Federal

23   Rule of Civil Procedure 26(a).  Shaller Decl., ¶ 5.  Regarding damages, Plaintiff

24   stated (a) "wage loss incurred to date, for which recovery will be sought, has not

25   yet been determined"; (b) "future damages relating to medical bills and wage loss

26   have not yet been determined"; and (c) intangible damages "will be sought in the

27   amount to be determined at the time of trial."  Id.  Plaintiff did not provide any

28   figures regarding the amount of damages allegedly incurred and admits he provided

1   no documents "in support of an amount for future medical expenses, wage loss,
2   loss of future earnings, or intangible damages." Id.; see also dkt. 20-1, Declaration
3   of Justin A. Okun in support of Defendant's Motion to Compel, Ex. A, Initial
4   Disclosures.

5        On April 20, 2016, Plaintiff served responses to Interrogatories and Requests
6   for Production. Shaller Decl., ¶ 6.

7        On May 20, 2016, Plaintiff served supplemental initial disclosures and
8   informed Defendant's counsel, "[T]he future medical damages were unknown, as
9   were the loss of future earnings for the Plaintiff. Plaintiff was only 19 years of age at
10  the time of the collision and had no work history." Id. at ¶ 7.

11       On June 2, 2016, Defendant moved to compel supplemental initial
12  disclosures that included a computation of damages, supplemental responses to
13  interrogatories regarding computation of damages, and supplemental responses to
14  requests for production seeking documents regarding damages, medical imaging
15  such as X-rays and MRI's, and medical and billing records. Dkt. 20. Plaintiff did
16  not oppose the motion to compel. On June 14, 2016, the Court granted
17  Defendant's motion to compel in its entirety. Dkt. 21.

18       On June 24, 2016, pursuant to the Court's June 14, 2016 Order, Plaintiff
19  served additional supplemental disclosures, supplemental Interrogatory responses,
20  and supplemental Request for Production responses. Dkt. 22-1, Declaration of
21  Justin A. Okun in Support of Defendant's Motion ("Okun Decl."), Ex. A, Suppl.
22  Rule 26 Disclosures; Ex. B, Suppl. Interrogatory Responses; Ex. C, Suppl. Request
23  for Production Responses. Regarding future medical expenses, Plaintiff states he
24  "believes that he will incur future medical expenses . . . in the form of future
25  surgeries, pain management and future physical therapy in the amount of
26  $1,000,000." Okun Decl., Ex. A. Regarding wage loss and future loss of earnings,
27  Plaintiff states: "As a result of the incident, Plaintiff has suffered economic
28  damages in the form of wage loss/loss of future earning capacity and will continue

3

1   to suffer said damages in the future.  At present, Plaintiff Odis Burnett calculates

2   these damages as follows: $1,000,000." Id.  Finally, regarding intangible damages,

3   Plaintiff states he "is seeking to recover general damages in the amount of

4   $700,000.00 for his pain and suffering; physical disfigurement; physical

5   impairment; mental anguish; and lowered quality of life." Id.  In addition, Plaintiff

6   states he produced Plaintiff's "complete medical and billing records in Plaintiff's

7   possession, custody or control" that he may use to support his claims for damages

8   and "relating to all medical imaging, including X-rays, magnetic resonance imaging

9   (MRI), and computerized tomography scans performed on Plaintiff within the last

10   10 years." Okun Decl., Ex. C.

11        On July 1, 2016, Defendant filed the instant Motion for evidentiary sanctions

12   pursuant to Federal Rule of Evidence 37(c), based on Plaintiff's alleged failure to

13   comply with the initial disclosure and supplementation requirements of Federal

14   Rule of Civil Procedure 26, subsections (a) and (e).  Dkt. 22.  The Motion seeks to:

15   (1) preclude Plaintiff from introducing evidence of damages for (a) future medical

16   expenses and (b) loss of wages and future loss of earnings; and (2) limit intangible

17   damages to $100,000 less any award for past medical expenses. Id.  On July 12,

18   2016, Plaintiff filed an Opposition.  Dkt. 23.  On July 16, 2016, Defendant filed a

19   Reply.  Dkt. 24.

20        On August 1, 2016, this Court issued a Report and Recommendation that

21   Defendant's Motion to Compel be denied without prejudice.  Dkt. 27.  On August

22   11, 2016, Defendant filed an Objection to the original Report and Recommendation.

23   Dtk. 29.  The Court addresses Defendant's Objections in this Final Report and

24   Recommendation.

25   ///

26   ///

27   ///

28   **III.**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DISCUSSION**

**A.     APPLICABLE LAW**

Federal Rule of Civil Procedure 26(e) requires a party to supplement or correct an initial disclosure or discovery response "as ordered by the court." Fed. R. Civ. P. 26(e)(1)(B).  Pursuant to Federal Rule of Civil Procedure 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).  This sanction is a "self-executing," "automatic" sanction to "provide[ ] a strong inducement for disclosure of material . . . ." <u>Yeti by Molly, Ltd. v. Deckers Outdoor Corp.</u>, 259 F.3d 1101, 1106 (9th Cir. 2001).

Nevertheless, Rule 37(c)(1)'s exclusion sanctions are not mandatory. <u>Id.</u>; <u>see also</u> <u>Bonzani v. Shinseki</u>, No. 2:11-CV-0007-EFB, 2014 WL 66529, at *3 (E.D. Cal. Jan. 8, 2014) (finding Rule 37(c)(1) exclusion sanctions are not mandatory, even when the insufficient disclosures are not substantially justified or harmless). A court's decision to exclude evidence is discretionary and the court is given "particularly wide latitude . . . to issue sanctions under Rule 37(c)(1)." <u>Id.</u> "In exercising that discretion [] the court is also guided by the requirement that where imposing a Rule 37(c)(1) sanction amounts to dismissal of a claim, the court is required to consider whether noncompliance involved willfulness, fault, or bad faith, and also the availability of lesser sanctions." <u>Bonzani</u>, 2014 WL 66529, at *3 (citing <u>R & R Sails, Inc. v. Ins. Co. of Pennsylvania</u>, 673 F.3d 1240, 1247 (9th Cir. 2012) (reversing district court grant of evidentiary sanctions excluding evidence of damages and remanding for consideration of willfulness, fault, or bad faith, and availability of lesser sanctions).

///

**B.     ANALYSIS**

5

The Court finds Defendant's Motion for Evidentiary Sanctions precluding entire categories of damages is premature.  The cases Defendant relies on involve a plaintiff's failure to adequately disclose his theory and calculation of damages only after conclusion of expert discovery or on the eve of trial.  See, e.g., Yeti, 259 F.3d at 1106 (excluding expert testimony of damages where expert report was delayed two and a half years and only produced one month before a trial in a complex case); Estate of Gonzalez v. Hickman, No. 05-00660-MMM (RCx), 2007 WL 3237635, at *4 (C.D. Cal. June 28, 2007) (motions *in limine* brought after summary judgment, after expert discovery, and just before trial); Am. Realty Trust, Inc. v. Matisse Partners, L.L.C., No. CIV.A.3:00-CV-1801-G, 2002 WL 1489543, at *1 (N.D. Tex. July 10, 2002) (motion to exclude evidence made during pre-trial conference, where entirely new theory of damages raised in supplemental disclosures for the first time two weeks after the close of discovery and two months before trial). Here, Plaintiff's supplemental disclosures were made prior to the fact discovery cut-off, before expert witness disclosures are due, and over seven months before trial.  See dkt. 18.  Defendant has not provided an analogous case that convinces this Court that the harsh sanction Defendant seeks would be appropriate under the particular circumstances of this case.

Second, Plaintiff's disclosures are sufficiently complete at this time to fulfill the purpose of providing an assessment of damages "in light of the information currently available to [him] in sufficient detail so as to enable . . . Defendant[] . . . to understand the contours of its potential exposure and make informed decisions as to settlement and discovery."  City & Cty. of San Francisco v. Tutor-Saliba Corp., 218 F.R.D. 219, 221 (N.D. Cal. 2003).  For example, Plaintiff's disclosures state his future medical damages are based on his belief he will need future surgeries, pain management, and physical therapy.  Okun Decl., Ex. A.  Defendant argues Plaintiff's treating physician testified Plaintiff is not a candidate for future surgery. Mot. at 17.  While the treating physician's testimony is strong evidence Plaintiff

1    will not incur future medical damages for future surgeries, it does not preclude

2    Plaintiff from offering expert testimony in support of his position.

3          Plaintiff's disclosures regarding wage loss are that Plaintiff believes he has

4    lost earning capacity and will therefore suffer future wage loss.  Okun Decl., Ex. A.

5    Plaintiff's counsel states "there are no documents in Plaintiff's possession

6    supporting past wage loss, as Plaintiff has repeatedly informed Defendant, as

7    Plaintiff testified in deposition that Plaintiff had no work history prior to this

8    accident."  Shaller Decl., ¶ 14.  Plaintiff has hired a vocational expert who will

9    presumably provide information about jobs available to Plaintiff in the national

10   market and how Plaintiff's injuries may have affected those opportunities.  Id. at ¶

11   18, 20-21.  Defendant may depose Plaintiff's expert and/or hire its own rebuttal

12   expert.  However, in light of the absence of Plaintiff's prior job history, it appears

13   any further calculation is properly within the province of expert testimony.

14         Plaintiff's disclosures regarding intangible damages state his general

15   damages request is based on "pain and suffering; physical disfigurement; physical

16   impairment; mental anguish; and lowered quality of life."  Okun Decl., Ex. A.

17   Defendant argues Plaintiff's disclosures regarding intangible damages are

18   boilerplate and insufficient.  Mot. at 20-21.  However, intangible damages such as

19   pain and suffering, mental anguish, and lowered quality of life, are generally based

20   on a plaintiff's testimony.  See Estate of Gonzalez, 2007 WL 3237635, at *4

21   (finding plaintiffs' disclosures regarding mental anguish and pain and suffering

22   were sufficient where plaintiffs identified the type of damages sought because their

23   losses would "be proved predominately (if not exclusively) through testimony they

24   offer regarding the emotional suffering they have experienced").  Defendant may

25   argue Plaintiff has not suffered $700,000 worth of such damages, but more specific

26   analysis is not required by Rule 26(a)(1)(C).  Id.

27         In its Objections, Defendant argues the supplemental disclosures are

28   deficient.  However, Defendant provides no authority requiring specific itemization

7

of damages under the circumstances of this case.  As set forth above, Plaintiff's supplemental disclosures do more than "merely set[] forth the figure demanded." Tutor-Saliba Corp., 218 F.R.D. at 221.  Accordingly, under the circumstances of this case, the Court finds Plaintiff's supplemental disclosures are sufficient, in light of the information currently available to Plaintiff, to enable Defendant to understand the contours of its potential exposure.

Third, any insufficiency in Plaintiff's supplemental disclosures is harmless, particularly in light of upcoming expert report disclosures, lack of willfulness and availability of lesser sanctions.  See R & R Sails, Inc., 673 F.3d at 1247 (considering willfulness and the availability of lesser sanctions when determining harmlessness under Rule 37(c)(1)).  In its Objections, Defendant argues Plaintiff's delayed disclosures are not harmless because Defendant was prevented from asking Plaintiff questions at his deposition regarding damages sought.  Dkt. 29, Obj. at 5 (citing Mot. at 10-11).  As an initial matter, it does not appear it was the delayed disclosures, but rather Plaintiff's lack of knowledge regarding his own damages that prevented Defendant from learning more about Plaintiff's claims at Plaintiff's deposition.  Moreover, even assuming Plaintiff's delay is neither substantially justified nor harmless, the Court finds exclusion sanctions are unreasonably harsh at this time and Defendant has not shown the unavailability of lesser sanctions.  See Bonzani, 2014 WL 66529, at *5.[1]

Defendant also argues Plaintiff should be limited to damages of $100,000 as set forth in his administrative claim less any award for past medical expenses.  Mot. at 20-21; Reply at 5 (citing Salcedo-Albanez v. United States, 149 F. Supp. 2d 1240,

---

[1] As in Bonzani, while the sanction sought does not completely foreclose any relief on Plaintiff's claim, the sanction sought "effectively eviscerates" Plaintiff's claim by precluding consideration of over $2.5 million in alleged damages.  See id. at *5. Therefore, the Court is "required to consider whether the claimed noncompliance involved willfulness, fault, or bad faith, [citation], and also to consider the availability of lesser sanctions."  Id.; see also R & R Sails, 673 F.3d at 1247 (reaffirming the requirement of considering willfulness and lesser sanctions "when a district court conducts the harmlessness inquiry required under Rule 37(c)(1)").

1242 (S.D. Cal. 2001)).  Defendant's purported motion *in limine* to limit Plaintiff's intangible damages may have merit, but it is not properly based on Rule 37(c) and has nothing to do with the specificity of Plaintiff's Rule 26 disclosures or discovery responses.

Finally, Defendant argues Plaintiff's failure to timely comply fully with the Court's June 14, 2016 Order regarding production of documents warrants precluding Plaintiff from providing any evidence of future damages at trial.  Mot. at 21-22.  However, the only document Defendant has identified he believes Plaintiff has not yet produced is Plaintiff's MRI imaging.[2]  Id.  Defendant has not provided any authority requiring the Court to preclude a category of damages based on failure to produce a single document.[3]  Therefore, the Court declines to preclude entire categories of damages based on Plaintiff's alleged failure to produce a single document.

///
///
///
///
///

# IV.

# RECOMMENDATION

---

[2] The Court notes Plaintiff states he has produced all MRI images in his possession, custody, or control.  See Okun Decl., Ex. C.  However, it appears Plaintiff's expert relied on an MRI report that has not been provided to Defendant.  Dkt. 29-1, Declaration of Justin A. Okun in support of Objections, ¶ 4, Ex. A.

[3] In its Objections, Defendant alludes to the possibility that the Court could "fashion another sanction for failure to provide the imaging."  Dkt. 29, Obj. at 6, n.3.  While it appears an appropriate sanction may be to preclude the use of the MRI imaging at trial, it is not clear Defendant is in fact seeking such a remedy.  The Court declines to speculate as to what relief Defendant may be seeking.  Hence, the Court would be willing to consider a properly filed motion for monetary sanctions.  See Bonzani, 2014 WL 66529, at *5.

1    IT IS THEREFORE RECOMMENDED that the District Court issue an

2  order: (1) accepting the findings and recommendations in this Final Report; and (2)

3  DENYING Defendant's Motion without prejudice.

4

5  Dated: August 17, 2016

6                                                              _____
                                                                    HONORABLE KENLY KIYA KATO
7                                                                    United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28