UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 5:15-cv-01707-CAS(KKx) | Date | October 6, 2016 |
|---|---|---|---|
| Title | ODIS MAN BURNETT v. UNITED STATES ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

Not Present  Not Present

**Proceedings:** (IN CHAMBERS) - PLAINTIFF'S MOTION FOR LEAVE TO AMEND (Dkt. 32, filed September 8, 2016)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of October 17, 2016 is vacated, and the matter is hereby taken under submission.

## I. INTRODUCTION

On August 26, 2015, plaintiff Odis Man Burnett filed a complaint against the United States, Chad Emerson Bliss, and Does 1-50, alleging claims for violation of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2401(b), and 2671-2680. Dkt. 1 ("Compl.").[1] On September 8, 2016, plaintiff filed the instant motion for leave to amend his complaint. Dkt. 32 ("Mot."). On September 26, 2016, the United States ("defendant") filed its opposition. Dkt. 37 ("Opp'n"). On October 3, 2016, plaintiff filed his reply. Dkt. 39.

---

[1] Plaintiff initially included United States Army recruiter Chad Emerson Bliss as a co-defendant. However, on December 14, 2015, the United States filed a Notice of Substitution and a duly executed Certification from the United States Attorney for the Central District of California attesting to the fact that Bliss was acting within the course and scope of his employment at all times relevant to the incident alleged in the complaint. Dkt. 12. Therefore, on February 8, 2016, this Court issued an order pursuant to 28 U.S.C. § 2679(d)(1), authorizing the substitution of the United States of America as the defendant in place and instead of Bliss. Dkt. 17.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 5:15-cv-01707-CAS(KKx) | Date | October 6, 2016 |
| Title | ODIS MAN BURNETT v. UNITED STATES ET AL. | | |

## II. BACKGROUND AND PROCEDURAL HISTORY

On August 20, 2014, plaintiff enlisted in the United States Army Reserve. Mot. at 1. On August 26, 2014, plaintiff was a front seat passenger in a vehicle operated by a United States Army recruiter when the recruiter lost control of the vehicle and hit a cement block wall. Id. As a result of the accident, plaintiff sustained injuries that were diagnosed as compression fractures of his lumbar spine at the Community Hospital of San Bernardino. Id. at 2. Plaintiff was advised that the compression fractures were "not serious" and would heal on their own in "four to six weeks." Id. Plaintiff avers that in August 2014 and September 2014 he received back pain treatment with the San Bernardino Medical Group. Id.

On October 14, 2014, pursuant to 28 U.S.C. § 2675(a), plaintiff first submitted an administrative claim for injury to the United States Army, alleging $100,000 in damages.[2] See Compl. at 2; Mot. Ex. 4. In November 2014, plaintiff avers that his back pain increased and radiated to his hip. Mot. at 2. On November 7, 2014, the United States Army doctors reevaluated plaintiff, concluded that he was medically unqualified for service "due to the compressional fractures in his spine," and discharged him from the

---

[2] In his administrative claim, plaintiff alleged "$100,000 >" in damages. Mot. Ex. 4. The arithmetic symbol ">" indicates that plaintiff was seeking less than $100,000. In the instant motion, however, plaintiff alleges that he claimed "over $100,000" in damages. Id. at 2. Ultimately, neither the arithmetic symbol nor plaintiff's allegation that he claimed damages "over" $100,000 are dispositive. In ascertaining damages plaintiff presented to the administrative agency, courts discount qualifying language that accompanies the dollar amount of damages as surplusage. See, e.g., Martinez v. United States, 728 F.2d 694, 697 (5th Cir.1984) (administrative claim for damages "in excess of $100,000" stated a claim for $100,000); Erxleben v. United States, 668 F. 2d 268, 273 (7th Cir. 1981) (administrative claim alleging damages of "$149.42 presently" stated a claim in that amount); see also Adams v. United States Dep't of Hous. and Urban Dev., 807 F.2d 318, 321 (10th Cir. 1986) ("[W]e think it more appropriate, where the plaintiff's administrative claim is otherwise adequate, to treat the qualifying words 'in excess of' simply as surplusage, leaving the specific amount stated as the claim."). Therefore, the Court will read plaintiff's administrative claim as seeking $100,000 in damages.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    'O'

| Case No. | 5:15-cv-01707-CAS(KKx) | Date | October 6, 2016 |
|---|---|---|---|
| Title | ODIS MAN BURNETT v. UNITED STATES ET AL. | | |

U.S. Future Soldiers Program. Id. at 3. In December 2014, plaintiff underwent an MRI, which showed a degeneration and enlargement of his facet joints. Id. At his doctor's recommendation, plaintiff attended physical therapy and was told to follow up in six months. Id. Plaintiff avers that "his treaters continued to believe this was a soft tissue injury which would resolve with non-invasive medical treatment." Id.

In May 2015, plaintiff began treatment with a new doctor, Dr. Saeed Nick. Id. On November 24, 2015, Dr. Nick diagnosed plaintiff with lumbar facet arthropathy ("facet disease") and performed lumbar facet injections. Id. Dr. Nick stated that evidence of facet disease may not immediately appear on an MRI and may take several months to detect. See Dkt. 32-3 ("Contreras Decl.") Ex. 12 at 95:5-11; 106:2-21. Dr. Nick also stated that facetogenic pain indicative of facet disease could have been detected through a physical exam and plaintiff could have been diagnosed within a few days after the accident. See Dkt. 37-1 ("Okun Decl.") Ex. A at 106:18-107:9; 108:4-9. Plaintiff did not receive any relief from the lumbar facet injections. Mot. at 3; Contreras Decl. Ex. 14.

On August 24, 2015, plaintiff filed a complaint with this Court, pursuant to the FTCA, alleging negligence. Compl. at 4; see 28 U.S.C. § 2675(a). On February 29, 2016, this Court held a scheduling conference and set the deadline for amending pleadings for March 4, 2016, the pretrial conference for January 23, 2017, and the trial date for February 14, 2017. Dkt. 18.

In April 2016, Dr. Nick recommended that plaintiff undergo diagnostic medial branch block injections. Mot. at 3. Plaintiff alleges that if his conditions worsens, he may be a candidate for surgery. Id. at 3-4. Plaintiff has weight restrictions, experiences back and hip pain, and cannot stand or sit for long periods of time. Id. at 4. Plaintiff avers that injuries have affected his ability to work, attend school, as well as his earning capacity. Id.

On August 3, 2016, plaintiff's medical expert Dr. Jeffrey Gross examined plaintiff's medical records and issued a neurosurgical case review and future medical life care plan. Contreras Decl. Ex. 15. Dr. Gross determined that plaintiff will require future physical therapy, lumbar epidural injections, treatment by a pain management specialist, and pain medication for the duration of his life. Mot. at 4. Dr. Gross estimated the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 5:15-cv-01707-CAS(KKx) | Date | October 6, 2016 |
|---|---|---|---|
| Title | ODIS MAN BURNETT v. UNITED STATES ET AL. | | |

approximate cost of the medical care to be $830,932.60. Id. On August 22, 2016, Dr. Gross examined plaintiff and issued a supplemental report, in which he concluded, inter alia, that plaintiff's injury resulted in "discogenic and/or facetogenic lumbar pain with compression fractures." Okun Decl., Ex. L at 13. Additionally, on August 27, 2016, plaintiff's economist, Peter Formuzis, Ph.D., calculated plaintiff's economic losses as approximately $1,868,977 to $2,099,335, excluding past and future emotional distress. Id.

On September 8, 2016, plaintiff filed the instant motion for leave to amend the complaint to increase the amount in damages to $5,000,000 or "a lesser amount as the court deems reasonable."[3] Mot. at 7.

## III. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 16

Here, the Court had set a deadline of March 4, 2016 for amending pleadings. Dkt. 18. Therefore, pursuant to Federal Rule of Civil Procedure 16 ("Rule 16") plaintiff must demonstrate "good cause" for amending a scheduling order past the March 4, 2016 deadline. Fed. R. Civ. P. 16(b)(4); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). "Unlike Rule 15(a)'s liberal amendment policy . . . Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson, 975 F.2d at 609. While the court may consider the "existence or degree of prejudice" to the opposing party, the focus of the court's inquiry is upon the moving party's explanation for failure to timely move for leave to amend. See id. The district court has "broad discretion in supervising the pretrial phase of litigation." Id. at 607 (quoting Miller v. Safeco Title Ins. Co., 758 F.2d 364, 369 (9th Cir. 1985)).

---

[3] Defendant disputes this amount as arbitrary. See Opp'n at 6, 7. At this time the Court does not decide whether plaintiff's new figure is plausible, but only determines whether plaintiff has presented newly discovered evidence to justify seeking damages in excess of the $100,000 plaintiff sought in his administrative claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL       'O'

| Case No. | 5:15-cv-01707-CAS(KKx) | Date | October 6, 2016 |
|---|---|---|---|
| Title | ODIS MAN BURNETT v. UNITED STATES ET AL. | | |

**B. Federal Torts Claims Act**

In addition to Rule 16, plaintiff must comply with FTCA's statutory requirements with respect to amended pleadings. See 28 U.S.C. § 2675(b). The FTCA provides the exclusive statutory remedy for torts committed by employees of the United States who act within the scope of their employment. 28 U.S.C. § 2671 et seq. A plaintiff may not file suit under the FTCA unless he first files an administrative claim with the appropriate federal agency and the agency denies his claim. 28 U.S.C. § 2675(a). A plaintiff may amend his administrative claim at any time before the claim is denied by the federal agency or, if the agency does not deny the claim within six months, plaintiff may amend his claim prior to filing suit. 28 C.F.R. § 14.2(c); Salcedo-Albanez v. United States, 149 F. Supp. 2d 1240, 1244 n.3 (S.D. Cal. 2001); see also 28 U.S.C. § 2675(a).

A plaintiff may not file an FTCA claim for damages in district court, seeking damages in excess of the amount sought in his underlying administrative claim unless (1) the plaintiff proves "newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency," or (2) the plaintiff identifies and proves "intervening facts" justifying a higher award. § 2675(b); Salcedo-Albanez, 149 F. Supp. 2d at 1243. The burden of proving either exception pursuant to § 2675(b) falls on the plaintiff. Salcedo-Albanez, 149 F. Supp. 2d at 1243 (citing Lowry v. United States, 958 F. Supp. 704, 711 (D. Mass. 1997)). Under either exception, the key issue is reasonable foreseeability. Id.; see also Richardson v. United States, 841 F.2d 993, 999 (9th Cir. 1988). Courts use an objective standard to determine whether a plaintiff satisfies an exception to the FTCA. Richardson, 841 F.2d at 999.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 5:15-cv-01707-CAS(KKx) | Date | October 6, 2016 |
|---|---|---|---|
| Title | ODIS MAN BURNETT v. UNITED STATES ET AL. | | |

The reasonable foreseeability inquiry is inherently fact-specific.[4] Resnansky v. United States, 2015 WL 1968606, at *4 (N.D. Cal. May 1, 2015); see also Reilly v. United States, 863 F.2d 149, 171 (1st Cir. 1988) ("[D]etermination of what constitutes 'newly discovered evidence not reasonably discoverable' requires a 'fact-specific conclusion.'"). Reasonable foreseeability depends on "the arc of the plaintiff's medical status, including ongoing symptoms and periods of recovery or deterioration." Resnansky, 2015 WL 1968606, at *6. "[W]hen filing a claim, a plaintiff is on fair notice of all present information, including his or her own symptoms as well as the providers' advice, prognoses and recommendations." Id. Plaintiff therefore has "the burden to assume the worst-case scenario" when filing his administrative claim. Salcedo-Albanez, 149 F. Supp. 2d at 1244. However, "a plaintiff should not be charged with knowing what his or her medical providers do not articulate, nor is a plaintiff required to obtain additional medical information through procedures not otherwise ordered or suggested." Resnansky, 2015 WL 1968606, at *6. Furthermore, a plaintiff does not need to account for "conceivable but unlikely" risks. Id.

## IV. DISCUSSION

Plaintiff moves to amend his complaint to seek additional damages on the basis of newly discovered evidence.[5] Plaintiff alleges that when he submitted his administrative

---

[4] On September 28, 2016, defendant filed its motion to strike certain assertions by plaintiff's counsel because they are inadmissible for lack of personal knowledge. Dkt. 38. Defendant correctly points out that, pursuant to Federal Rule of Evidence 101, the Court will base its ruling in a fact-specific inquiry on admissible evidence. However, the Court finds that the assertions that defendant seeks to strike from plaintiff's motion are also made by plaintiff, who had personal knowledge, in his declaration. Because the court does not rely on the evidence that defendant challenges, the Court need not resolve defendant's evidentiary objections.

[5] In his reply, plaintiff argues for the first time that plaintiff' facet disease diagnosis was also an "intervening fact" and, thus, an additional basis for amending the complaint to seek higher damages. Dkt. 39. Because the Court grants plaintiff's motion for leave to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 5:15-cv-01707-CAS(KKx) | Date | October 6, 2016 |
|---|---|---|---|
| Title | ODIS MAN BURNETT v. UNITED STATES ET AL. | | |

claim on October 14, 2014, the extent of his future medical treatment was not reasonably foreseeable because it was not until November 2015 that Dr. Nick diagnosed him with facet disease and recommended treatment through injections. Defendant makes five primary arguments in opposition to plaintiff's motion.

Defendant first disputes that facet disease is the cause of plaintiff's pain. Opp'n at 7-8. Defendant avers that defendant's expert witness believes that plaintiff's facet disease pre-dated the accident and is not the source of plaintiff's pain. Id. Defendant also argues that Dr. Gross's examination of plaintiff was inconclusive because he stated that plaintiff had "discogenic *and/or* facetogenic lumbar pain." Id. at 8. However, courts have relied on doctors' notes and statements as evidence of causation in ruling on a plaintiff's motion to amend an FTCA claim to seek higher damages. See, e.g., Priest v. United States, 2015 WL 6457997, at *7 (D. Or. Oct. 26, 2015); Reynolds v. United States, 2012 WL 947408, at *7 (E.D. Cal. March 20, 2012). Dr. Gross's examination report notes facet disease as a likely (if not the only) source of plaintiff's pain. Thus, at this stage and for the purpose of his motion to amend, the Court finds that plaintiff has presented sufficient evidence to show a causal connection between plaintiff's facet disease and plaintiff's pain. Cf. Richardson, 841 F.2d at 999-1000 (applying Rule 15's liberal standard for amending pleadings when considering an amendment of damages to an FTCA claim).

Second, defendant contends that plaintiff had the opportunity to amend his administrative claim prior to filing suit. Opp'n at 8-9. Defendant disputes plaintiff's assertion that he was diagnosed with facet disease in November 2015 and avers that the diagnosis happened during plaintiff's first visit with Dr. Nick, in May 2015. Id. at 9. Defendant argues that plaintiff could have amended his administrative claim prior to filing suit on August 24, 2015. Id. The Court finds this argument unpersuasive. The FTCA creates an exception where newly discovered evidence was "not reasonably discoverable at the time of presenting the claim *to the federal agency*." § 2675(b) (emphasis added). Whether plaintiff had discovered his facet disease before filing this

---

amend based on "newly discovered evidence," the Court does not consider plaintiff's "intervening fact" argument in its ruling.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 5:15-cv-01707-CAS(KKx) | Date | October 6, 2016 |
|---|---|---|---|
| Title | ODIS MAN BURNETT v. UNITED STATES ET AL. | | |

action is not relevant. The key question is whether the diagnosis was reasonably discoverable *prior to filing the administrative claim*. See Richardson, 841 F.2d at 999 ("The trial court believed that Richardson was barred from seeking a greater amount because the alleged intervening facts had occurred prior to *trial*. However, on its face § 2675(b) requires only that newly discovered evidence must have come to light after the date of the *claim*, and other courts have held that intervening facts should be treated likewise.").

Third, defendant argues that facet disease could have been detected as early as a few days after plaintiff's accident. Opp'n at 9-12. In so doing, defendant relies on Dr. Nick's statements that although facet disease may not immediately show up on an MRI, a physical exam could have led to a facet disease diagnosis within days after the accident. However, just because it was *possible to discover* plaintiff's facet disease through a physical exam, does not mean it that the diagnosis was *reasonably discoverable*. Prior to receiving the facet disease diagnosis from Dr. Nick, plaintiff was evaluated by doctors from the Community Hospital of San Bernardino, the San Bernardino Medical Group, and the United States Army. Since none of those doctors discovered plaintiff's facet disease, the Court will not charge a plaintiff "with knowing what his or her medical providers d[id] not articulate." See Resnansky, 2015 WL 1968606, at *6. Therefore, the Court rejects defendant's argument.

Fourth, defendant contends that plaintiff did not exercise "reasonable diligence" to discover his facet disease prior to filing his administrative claim. Opp'n at 12-15. Defendant relies on Low v. United States, 795 F.2d 466, 470 (5th Cir. 1986), which held that plaintiff cannot seek damages in excess of the amount in the administrative claim if plaintiff knew the "basic severity" of his injury. Defendant argues that because plaintiff did not heal within four to six weeks, as he was initially told he would, plaintiff understood the "basic severity" of his injury and should have "sought further medical advice and engaged in further investigation" to discover his facet disease before filing his administrative claim. Opp'n at 14. The Court disagrees. While plaintiff may not ignore "progressively worse" symptoms in favor of a doctor's "rosier view" of his medical condition, "reasonable diligence" does not require a plaintiff to engage in "affirmative efforts to determine what is reasonably foreseeable" before filing an administrative claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 5:15-cv-01707-CAS(KKx) | Date | October 6, 2016 |
|---|---|---|---|
| Title | ODIS MAN BURNETT v. UNITED STATES ET AL. | | |

Resnansky, 2015 WL 1968606, at *8, *3 n.2 (interpreting Low, 795 F.2d at 470). Here, plaintiff alleges that while his pain did not improve, it did not worsen until November 2014, after he filed his administrative claim. Plaintiff also alleges that he received medical treatment in August, September, and November of 2014. Likewise, after plaintiff's pain worsened in November 2014, plaintiff underwent an MRI in December 2014, attended physical therapy at his doctor's directive, and eventually sought treatment with a different doctor. Therefore, plaintiff did not ignore his lack of improvement or his "progressively worse" symptoms and was reasonably diligent.

 Finally, defendant argues that because plaintiff did not heal within four to six weeks after the accident, he should have been on fair notice to "conduct a proper investigation to the nature and extent of his injuries" and to secure a "thorough and well informed" medical advice to "assume the worst-case scenario" prior to filing his administrative claim. Opp'n at 16 (citing Salcedo-Albanez, 149 F. Supp. 2d at 1244, 1245.). Specifically, defendant contends that plaintiff should have taken into account the likelihood that he would be found medically disqualified from military service. Id. However, plaintiff does not seek to amend the amount in damages based on his medical disqualification, but rather based on his facet disease diagnosis. Therefore, the Court does not consider defendant's argument in its ruling.

 Based on the foregoing, this Court finds that plaintiff's facet disease diagnosis is "newly discovered evidence" that makes the FTCA exception pursuant to § 2675(b) available to plaintiff for the purpose of alleging higher damages.

 Additionally, the Court finds that plaintiff has satisfied Rule 16. On August 22, 2016, plaintiff's medical expert completed his evaluation of the plaintiff's injuries. On September 9, 2016, less than three weeks later, plaintiff filed a motion to amend his complaint. Therefore, the Court finds that plaintiff was diligent in seeking leave to amend. To the extent that Rule 16 considers prejudice to the defendant when granting leave to amend, here defendant has failed to show that plaintiff's amendment would be prejudicial. The Court notes, in particular, that defendant has ample time to take discovery before the February 14, 2017 trial date.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:15-cv-01707-CAS(KKx) | Date | October 6, 2016 |
| Title | ODIS MAN BURNETT v. UNITED STATES ET AL. | | |

## V. CONCLUSION

In accordance with the foregoing, plaintiff's motion for leave to file a first amended complaint to seek higher damages is **GRANTED**.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |